**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHALOM KIKOV, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. d/b/a CASH APP, registered in New York as BLOCK OF DELAWARE, a Delaware corporation, and JOHN DOE a/k/a Unknown parties in control of Digital Wallet Address: TXseZjBRUjDMYm2fg6LTKnfXKENkJTx1if,<br><br>Defendants. | CASE NO. _______________ |

**NOTICE OF REMOVAL**

**TO THE CLERK OF COURT:**

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant identified as Block, Inc. d/b/a Cash App ("Block" or "Defendant") hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, without admitting the allegations in the Complaint, and without waiving any defenses or the right to compel arbitration of Plaintiff's claims. As grounds in support of this removal, Block states as follows:

## I. INTRODUCTION

1. Plaintiff Shalom Kikov ("Plaintiff") commenced this action by filing a verified class action complaint, then an amended verified class action complaint (the "Complaint") against Block in the Supreme Court of the State of New York, County of Queens, Index No. 726326/2025. A copy of the entire State Court file, including a copy of all pleadings, process and orders served on Defendant is attached as hereto as **Exhibit A**.

2. Block received service of process on October 20, 2025.

3. In the Complaint, Plaintiff alleges that Block is responsible for a fraud scheme perpetrated on Plaintiff by an unidentified third party. Plaintiff claims to have lost 0.64 bitcoin, worth $78,377 at the time of filing the Complaint, due to the scheme. (Compl. ¶ 1.) Plaintiff also claims that he was improperly "debanked" after reporting the fraud, causing him to liquidate approximately $266,000 in holdings. (*Id.* ¶ 52.)

4. Plaintiff seeks to bring this action on behalf of himself and a proposed class defined as follows:

> All present and former Cash App customers with New York addresses who, from April 2021 to the present, have used Cash App's services and (1) suffered loss of funds due to unauthorized access or transactions when using or attempting to use Cash App's customer service phone number, or (2) were exposed to risk of loss due to Cash App's inadequate security protocols related to its customer service telephone system, or (3) were debanked by Cash App after reporting unauthorized access, fraud or security issues.

(*Id.* ¶ 55.)

5. Plaintiff excludes the following from the proposed class:

> (a) Defendants, their officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and entities in which any Defendant has a controlling interest; (b) the judicial officers and staff assigned to this case; (c) any person who timely and validly opts out of the Class; and (d) all persons who have previously had claims similar to those contained herein finally adjudicated or who have released their claims against Cash App.

(*Id.* ¶ 57.)

6. Plaintiff alleges that "Cash App has millions of users in New York State alone," of which "a substantial number have been affected by Cash App's inadequate security measures[.]" (*Id.* ¶ 60.)

7. The Complaint asserts claims against Block and the unknown party/parties for (1) violations of New York General Business Law § 349, (2) violations of New York General Business

Law § 350, (3) breach of contract, (4) breach of fiduciary duty, (5) negligent misrepresentation, (6) negligence, (7) conversion, and (8) fraud. (*See generally* Compl.)

8. In the Complaint, Plaintiff seeks to recover actual and compensatory damages, treble damages, punitive damages, injunctive relief, restitution and disgorgement, pre- and post-judgment interest, costs, and reasonable attorney's fees. (*See id.* at 37–39 ¶¶ (a)–(m); *id.* at 39–40 (a)–(l).)

9. As discussed more fully below, this Court has jurisdiction over this case based on 28 U.S.C. § 1441 because (a) pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Block and the amount in controversy for Plaintiff's individual claims exceeds $75,000 exclusive of interest and costs; and (b) pursuant to 28 U.S.C. § 1332(d), there is minimal diversity of citizenship between the proposed class of plaintiffs and Block and the amount in controversy exceeds $5,000,000.

## II. <u>BASIS FOR REMOVAL</u>

10. This action is properly removable pursuant to 28 U.S.C. § 1441(a), which states, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

11. This Court has original diversity jurisdiction over this action, because both Plaintiff's individual claims and Plaintiff's claims on behalf of the proposed class satisfy the diversity jurisdiction requirements in 28 U.S.C. § 1332.

**A. <u>Plaintiff's Claims Individually Satisfy Diversity Jurisdiction Under 28 U.S.C. § 1332(a)</u>.**

12. Individual claims satisfy the diversity jurisdiction requirements where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

**1. There is Complete Diversity of Citizenship.**

13. Plaintiff alleges that he "is a natural person and citizen of the State of New York." (Compl. ¶ 7.) Plaintiff is a resident and domiciliary of the State of New York. Plaintiff is therefore a citizen of New York for purposes of diversity jurisdiction.

14. The only defendant named and served in this action to date is Block, an entity incorporated in Delaware with its principal place of business located in the State of California. Block is therefore a citizen of Delaware and California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

15. The only other defendant listed in the Complaint is an unknown party identified as "JOHN DOE," and thus no state of citizenship has been or can be identified. (*See* Compl. ¶ 14.) For purposes of removal based on diversity subject matter jurisdiction, "[i]n determining whether a civil action is removable . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

16. Because Plaintiff is a citizen of New York, and Block is a citizen of Delaware and California, there is complete diversity of citizenship between the parties.

**2. The Amount in Controversy Exceeds $75,000.**

17. Plaintiff seeks damages on his own behalf to include actual and compensatory damages, treble damages, punitive damages, injunctive relief, restitution and disgorgement, pre- and post-judgment interest, costs, and reasonable attorney's fees. (*See* Compl. at 39–40 (a)–(l).)

18. Plaintiff alleges that he lost 0.64 bitcoin, worth $49,382 at the time of the injury, which he alleges would be worth $78,377 today. (*Id.* ¶ 1.) He also claims to have experienced "forced liquidation of cryptocurrency, lost appreciation of digital assets, out-of-pocket expenses, disruption to business operations, lost business opportunities, and reputational harm," and repeatedly requests damages of "not less than $1,000,000." (*Id.* ¶¶ 5, 80, 111.)

19. Because Plaintiff seeks actual damages of no less than $78,377, and total damages of no less than $1,000,000, Plaintiff's individual claims indisputably exceed the amount-in-controversy of $75,000.

20. As such, both diversity of citizenship and the minimum amount-in-controversy are satisfied here, and the Court has diversity jurisdiction over Plaintiff's individual claims.

21. "In a case in which all plaintiffs are diverse from all defendants and one plaintiffs [*sic*] claims exceed $75,000, a district court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remaining plaintiffs' claims even if their individual claims fall short of that jurisdictional threshold." *Ryan v. Legends Hospitality, LLC*, Nos. 11 Civ. 3110(RJS), 12 Civ. 5464(RJS), 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005)). Thus, this removal is proper.

**B. The Class Claims Satisfy Diversity Jurisdiction Under the Class Action Fairness Act, 28 U.S.C. § 1332(d).**

22. Alternatively, removal is also proper under the Class Action Fairness Act ("CAFA") because the minimal diversity requirements are satisfied and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Both requirements are satisfied here, further supporting removal.

**1. There is Diversity of Citizenship.**

23. Pursuant to CAFA, the district court has original jurisdiction over a class action where "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).

24. Here, as explained above, Plaintiff is a citizen of the State of New York. *See* Section II.A.1 ¶ 14, *supra*; (*see also* Compl. ¶ 7.)

25. Further, every member of the class that Plaintiff seeks to represent also resides in New York, suggesting that most members of the proposed class would be New York citizens. (*See* Compl. ¶ 55 ("Plaintiff seeks to represent the following Class: New York Cash App Security Class: All present and former Cash App customers with New York addresses . . .".)

26. As also explained above, Block is a citizen of Delaware and California for purposes of diversity jurisdiction. *See* Section II.A.1 ¶ 15, *supra*.

27. The parties are therefore diverse, satisfying the first requirement for diversity jurisdiction.

**2. The Amount in Controversy Exceeds $5,000,000.**

28. Where the diversity requirement is satisfied, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

29. "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(6).

30. "The party invoking jurisdiction bears the burden of proving that the amount in controversy exceeds the CAFA threshold," however, "[t]his is not a heavy burden." *Metcalf v.*

*TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 325–26 (S.D.N.Y. 2022). The party need only show "to a reasonable probability" that the burden is satisfied. *Id.* (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)).

31. Once the removing party satisfies its burden, "the burden shifts to the opposing party, who must demonstrate 'to a legal certainty' that the claim does not add up to $5 million." *Id.* (citing *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. C. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996)).

32. Here, Plaintiff does not identify the number of individuals in the proposed class with any specificity, but he does allege that "Cash App has **millions** of users in New York State," of which "**a substantial number** have been affected" by the actions making up the allegations in the Complaint.[1] (Compl. ¶ 60 (emphasis added).)

33. As class damages, Plaintiff first seeks "actual damages" and "treble damages" pursuant to New York General Business Law § 349(h). (*Id.* at 38 ¶ (b).) This statute allows a prevailing plaintiff to recover "actual damages or fifty dollars, whichever is greater," as well as treble damages in "an amount not to exceed three times the actual damages up to one thousand dollars" for willing or knowing violations. N.Y. Gen. Bus. § 349(h). Even without any allegations regarding the actual damages allegedly experienced by the proposed class, Plaintiff's request for damages seeks no less than $50 in actual damages per class member, along with an additional minimum $150 in treble damages (three times an actual damages award of $50), totaling a *minimum* of $200 damages per member of the proposed class.

34. Plaintiff next seeks "actual damages" and "treble damages" pursuant to New York

[1] Should the Court request or require additional information pertaining to the size of the proposed class, Block requests the opportunity to submit evidence on this point.

General Business Law § 350. (Compl. at 38 ¶ (c).) This statute allows a prevailing plaintiff "to recover his or her actual damages or five hundred dollars, whichever is greater," as well as treble damages of "an amount not to exceed three times the actual damages, up to ten thousand dollars," for willing or knowing violations. N.Y. Gen. Bus. § 350-e. Even without any allegations regarding the actual damages allegedly suffered by the proposed class, Plaintiff's request for damages seeks no less than $500 in actual damages per class member, along with an additional minimum of $1,500 in treble damages (three times an actual damages award of $500), totaling a *minimum* of $2,000 damages per member of the proposed class.

35. Thus, just in statutory damages alone, Plaintiff's Complaint seeks *no less than* $2,200 in damages per class member. To satisfy the jurisdictional minimum of $5,000,000, this would require a class of only 2,272 individuals—far lower than Plaintiff's identified "substantial number" of "millions" as alleged in the Complaint—even if no other damages were awarded. This fact, in and of itself, satisfies the burden of showing "to a reasonable probability" that the amount-in-controversy exceeds $5,000,000.

36. Yet, the request for class damages in the Complaint does not stop there. In addition to the statutory damages, the Complaint also seeks unspecified "damages in an amount to be determined at trial" for six separate claims, along with punitive damages, and "restitution and disgorgement" to include:

> an order imposing a constructive trust on: (i) all fees, charges, and other benefits retained by Cash App in connection with the fraudulent transactions affecting Class members; (ii) any property or assets traceable to Class members' funds, including account fees and fees from the fraudulent transactions; and (iii) such other property or assets as equity may require to prevent unjust enrichment of Cash App (Block, Inc.).

(Compl. at 39 ¶ (i)(a).)

37. Thus, between actual damages, statutory and treble damages, punitive damages, restitution and disgorgement demanded in the Complaint, the amount in controversy here more than satisfies the $5,000,000 minimum requirement necessary to invoke CAFA jurisdiction.

38. But even if this alone were not sufficient, the amount-in-controversy under CAFA also takes into account the value of Plaintiff's requested declaratory and injunctive relief, as well as the value of attorney's fees.[2] *See Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 366 (S.D.N.Y. 2019) (citations omitted). In the event that Plaintiff challenges Block's preliminary assertion of the amount-in-controversy, Block reserves its right to provide additional evidence in support of the value of these damages, both of which Plaintiff seeks on behalf of the proposed class in the Complaint.

## III. PROCEDURAL REQUIREMENTS

39. True and correct copies of the entire state court file, including "all process, pleadings, and orders" served on Block are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Block to date in this case.

40. This Notice of Removal is timely filed within the time frame set forth in 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of October 20, 2025, when Block received service of process.

41. Upon information and belief, no other defendant has been formally served in this matter.

[2] Attorney's fees may only be considered "if they are recoverable as a matter of right pursuant to statute or contract." *Ryan*, 2012 WL 3834088, at *2. Here, both N.Y. Gen. Bus. § 349(h) and N.Y. Gen. Bus. § 350-e(3) allow the Court to award "reasonable attorney's fees" to a prevailing plaintiff.

42. Block has heretofore sought no similar relief.

43. Civil actions brought in state court must be removed to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Complaint was filed in the Supreme Court of the State of New York, County of Queens. The United States District Court for the Eastern District New York, is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Queens, where the suit was originally filed.

44. Contemporaneously with the filing of this Notice of Removal, Block has filed a copy with the clerk of the Supreme Court of the State of New York, County of Queens a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

45. Block reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

## IV. <u>RESERVATION OF DEFENSES</u>

46. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Block's right to compel arbitration of Plaintiff's claims, or right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

WHEREFORE, for the reasons set forth above, Block respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action

from the Supreme Court of the State of New York, County of Queens to the United States District Court for the Eastern District of New York.

Dated: September 9, 2025

Respectfully submitted,

**/S/ John E. Brigandi**
JOHN E. BRIGANDI, ESQ.
**KNUCKLES & MANFRO LLP**
600 East Crescent Avenue, Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370
jeb@km-llp.com
*Attorneys for Defendant, identified as Block, Inc. d/b/a Cash App*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document using the Court's CM/ECF system and have and served a copy on the following by U.S. First Class Mail and/or email on this 19th day of November, 2025:

Crystal V. Venning, Esq.
CRYSTAL VENNING LAW PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
cvenning@crystalvenninglaw.com

/s/ ***John E. Brigandi***
John E. Brigandi, Esq.
KNUCKLES & MANFRO LLP
600 East Crescent Ave., Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370
jeb@km-llp.com

*Attorney for Defendant identified as Block, Inc. d/b/a Cash App*